ROBERTSON, Justice.
J. W. Keene was indicted, tried and convicted in the Circuit Court of Newton County of incest with his 18-year-old daughter, and was sentenced to serve a term of 10 years in the State Penitentiary. We affirm.
This is a tragic case. The appellant at the time was 41 years of age; his wife had left him ten years before with a daughter and four sons to rear. Appellant had only finished the third grade in school. He worked mostly as a sharecropper but at the time of his arrest was working as a pulpwood cutter. He, his minor daughter and *623 three minor sons lived in a two-room shack with not even a door between the two rooms.
The evidence proved beyond a reasonable doubt the commission of the offense, and we agree with the trial judge who said:
“[T]he jury was fully justified in returning the verdict it did return under the testimony that was made here in open Court.”
The only error assigned was that the court erred in “overruling appellant’s demurrer to the indictment and forcing the appellant to go to trial on the indictment which charged appellant with more than one crime.”
Defense counsel was appointed on August 21, 1970, and appellant was arraigned on that date and pleaded “not guilty”. The demurrer testing the indictment was filed on August 26, 1970, and the court heard argument thereon and overruled the demurrer on that day.
The case was set for trial on August 27, 1970, and even before the voir dire examination of prospective jurors the state, on its own motion, elected “to go to trial on that part of the indictment alleging carnal knowledge of and sexual intercourse with one Janice Keene Wright by this defendant, J. W. Keene, and not on that part of the indictment dealing with cohabitation.”
Defense counsel stated his objection as follows:
“By this amendment he has made a separate and distinct case out of this thing. I came here prepared to defend this case on the indictment, and I announced ready, and after announcing ready, he changes the indictment and changes it materially. When I came to Court, I was prepared to defend against unlawful cohabitation and carnal knowledge and sexual intercourse, which are two separate and distinct things. My defense for both of them certainly wouldn’t be a defense for one of them. This question was raised in the demurrer which was overruled. With this change, I now move the Court for a delay of at least three days to prepare to answer these new charges.”
The trial court in ruling on this objection said:
“Now, today, the State, without any motion by the defense, of its own initiative, elects to proceed to trial against the defendant on the charge of unlawful carnal knowledge and sexual intercourse by the defendant with his daughter, which is forbidden by law. The Court holds that the State has a right to make this election, and that by this election the defendant will not be prejudiced in any of his legal rights, and the objection of the defendant to this election ought to be, and the same is overruled.”
The appellant in his appeal to this Court also contends that using the word “habitual” in the indictment constituted fatal error.
Our answer to this argument is that by using the word “habitual” the State merely placed upon itself an additional burden of proof, and an alert defense counsel took full advantage of this additional undertaking by securing the following instruction:
“The Court instructs the jury for the defendant that even if you believe from the evidence that the defendant and his daughter occasionally had sexual intercourse then under the indictment you must further believe that the defendant and his daughter habitually had sexual intercourse as charged in the indictment.”
As stated before, the jury was fully justified from the evidence adduced in finding that the State met the additional burden of proof undertaken by it, and that the appellant was guilty of the offense charged beyond a reasonable doubt.
Affirmed.
ETHRIDGE, C. J., and PATTERSON, INZER and SMITH, JJ., concur.